IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANET MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-76-X-BN |
| | § | |
| TOYOTA OF DALLAS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Janet Mason filed a *pro se* complaint against Defendant Toyota of Dallas, alleging that "Toyota of Dallas violated Section 5(a) of the Federal Trade Commission Act" (the "FTCA") when it "sold [her] a defective 2021 Toyota Corolla." Dkt. No. 3.

United States District Judge Brantley Starr referred Mason's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Mason's motion for leave to proceed *in forma pauperis* [Dkt. No. 4], which subjects Mason's allegations to judicial screening under 28 U.S.C. § 1915(e).

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*,

No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

That is the case here, where Mason files her lawsuit under Section 5(a) of the FTCA, "because there is no private right of action under section 5(a), codified at 15 U.S.C. § 45(a), of the Federal Trade Commission Act." *King v. First Cmty. Credit*, Civ. A. No. H-22-4180, 2023 WL 1867463, at *2 (S.D. Tex. Feb. 9, 2023) (citing *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978) ("[T]here is no private cause of action for violation of the FTC Act."); *Johnson v. Verrengia*, No. A-17-CA-00295-SS, 2017 WL 8181535, at *1 (W.D. Tex. June 19, 2017) ("It is well-established ... that Section 5(a) of the FTCA does not provide a private right of action." (collecting cases))).

And, considering that there is no private right of action under the FTCA, the Court should dismiss the complaint with prejudice since leave to amend would be futile because an-FTCA-based complaint would remain subject to dismissal for failure to state a claim. *See Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022))).

## Recommendation

The Court should dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 12, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE